IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOSEPH M. STILL BURN CENTERS, INC. f/k/a PHYSIICANS' MULTISPECIALTY GROUP, P.C. <br> Plaintiff <br><br> vs. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br> Defendant | CASE NO. CV 108 090 <br><br><br> NOTICE OF REMOVAL <br> PURSUANT TO 28 U.S.C. § 1446(b) |

Liberty Mutual Insurance Company, the Defendant in this action, hereby removes this case to the United States District Court for the Southern District of Georgia and respectfully shows the following facts to the Court:

1.  Liberty Mutual Insurance Company (hereinafter "Defendant") is the Defendant in a suit filed in the Superior Court of Richmond County, Georgia, known as *Joseph M. Still Burn Centers, Inc. f/k/a Physicians' Multispe cialty Group, P.C. v. Liberty Mutual Insurance Company,* Civil Action File No. 2008-RCCV-01044.

2.  The parties are of diverse citizenship. The Plaintiff is a corporation organized under the laws of the State of Georgia with its principal place of business in Georgia. The Defendant is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts. Complete diversity of citizenship exists between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000) Dollars. While the amount in

controversy is not clear from the pleadings, the complaint does refer to a number of alleged outstanding accounts referred to as "Exhibit A". "Exhibit A" has been provided to the Defendant's counsel and reflects a total claim of Nine Hundred Twenty-Seven, Eight Hundred Forty-Four and Twenty-one One-hundredths ($927,844.21) Dollars. The Defendant is entitled to remove this case, under 28 U.S.C. §1446(b), in that it is an action for which the Court would have had original jurisdiction.

3.  Plaintiff filed this action on or about June 9, 2008, in the Superior Court of Richmond County. A copy of the process, pleadings, and all orders in the Superior Court of Richmond County are attached hereto as Exhibit "A". The Defendant was served with a copy of the complaint on June 10, 2008. Therefore, this Notice of Removal is filed in a timely manner – within thirty (30) days of the receipt of the complaint by the Defendant – pursuant to the provisions of 28 U.S.C. §1446(b).

4.  The Complaint alleges that the Plaintiff is entitled to recover under a theory of contract and promissory estoppel for medical services provided to a number of worker's compensation claimants who allegedly received treatment by the Plaintiff. The complaint alleges that the Defendant is the worker's compensation insurer for these claimants and that their bills remain unpaid.

5.  This Court is the Court having jurisdiction of cases filed in Richmond County, Georgia, where a Richmond County court claims jurisdiction for any purpose.

6.  A copy of this notice has been filed with the Clerk of the Superior Court of Richmond County, Georgia, in Civil Action File Number 2008-RCCV-01044.

WHEREFORE, Defendant removes this civil action to the United States District Court, Southern District of Georgia, Augusta Division.

This \_\_7\_\_ day of \_\_July\_\_, 2008.

By: _____
Neal W. Dickert
Georgia Bar No: 220850
Attorney for Defendant
Liberty Mutual Insurance Company

Of Counsel:
Hull, Towill, Norman, Barrett & Salley
Post Office Box 1564; Augusta, Georgia 30903-1564
P. O. Box 517; Aiken, South Carolina 29802
706-722-4481
nwdickert@hullfirm.com

IN THE SUPERIOR/STATE COURT OF RICHMOND COUNTY

STATE OF GEORGIA

JOSEPH M. STILL BURN CENTERS, INC.,

F/K/A PHYSICIANS' MULTISPECIALTY

GROUP

CIVIL ACTION, NUMBER 2008RCCV1044

PLAINTIFF

VS.

LIBERTY MUTUAL INSURANCE COMPANY

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

JOHN J. CZURA, ESQ.
JOHN J. CZURA, P.C.
3602 WHEELER ROAD
AUGUSTA, GA 30909

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of JUNE, 2008.

Clerk of Superior/State Court

By _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

EXHIBIT "A"

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
CIVIL ACTION FILE NO. 2008 RCCV 1044

**J. CARLISLE OVERSTREET**

JOSEPH M. STILL BURN CENTERS, INC. )
F/K/A PHYSICIANS' MULTISPECIALTY )
GROUP, P.C. )
)
)
PLAINTIFF )
)
V. )
)
LIBERTY MUTUAL INSURANCE CO. )
)
DEFENDANT )

## COMPLAINT

COMES NOW the Plaintiff, Joseph M. Still Burn Centers, Inc., f/k/a Physicians' Multispecialty Group, P.C., and files this its Complaint for Breach of Contract against the Defendant, Liberty Mutual Insurance Company, showing unto the Court the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Joseph M. Still Burn Centers, Inc., formerly known as Physicians' Multipspecialty Group, Inc. (hereinafter referred to as "JMS Burn Center"), is a Georgia corporation duly organized and existing pursuant to the laws of Georgia and is headquartered in Augusta, Georgia.

2. Plaintiff is a group of Georgia physicians and other medical care providers that render medical care to burn victims in various medical disciplines.

3. Plaintiff regularly admits and treats burn patients who are injured while in the course of their employment from outside the State of Georgia.

4. The Defendant, Liberty Mutual Insurance Company (hereafter referred to as

JOHN J. CZURA
ATTORNEY AT LAW
3602 WHEELER ROAD
AUGUSTA, GA 30909
(706)-868-5254
FAX (706)-868-5443

"Liberty Mutual"), is a foreign insurance corporation qualified to transact business in the State of Georgia. At all material times, Liberty Mutual was and is doing business in this State through its agents and subsidiaries. Liberty Mutual regularly sells insurance in this State.

5. The Defendant contracts with the Plaintiff for the medical care and treatment of their insureds, who are burned or otherwise injured outside the State of Georgia.

6. In reliance upon the Defendant's agreement to pay for its insureds' medical needs, the Plaintiff renders medical care and treatment to the Defendant's insureds at JMS Burn Center in Augusta, Georgia.

7. Liberty Mutual Insurance Company may be served with a Summons and Complaint by serving their registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

8. Defendant Liberty Mutual is subject to the jurisdiction of this Court and venue properly lies within Richmond County, Georgia.

## FACTS COMMON TO ALL COUNTS

9. From January 1, 2002, to the present, Liberty Mutual issued various workers' compensation insurance policies to Employers outside the State of Georgia, covering their employees for medical benefits in the event they are injured on the job and require care and treatment from a medical provider.

10. From January 1, 2002, to the present, Liberty Mutual and/or its covered employers referred several of its beneficiaries covered under its Non-Georgia workers' compensation agreements to the Plaintiff JMS Burn Center, Augusta, Georgia, for specialized burn care.

JOHN J. CZURA
ATTORNEY AT LAW
3602 WHEELER ROAD
AUGUSTA, GA 30909
(706)-868-5254
FAX (706)-868-5443

11. The Plaintiff is a Georgia corporation, composed of licensed Georgia physicians who practice medicine in the State of Georgia.

12. The Plaintiff also employs Georgia licensed health care professionals who work at the Augusta Georgia Burn facility.

13. The Plaintiff, in accordance with the various admission and treatment agreements reached with Liberty Mutual from January 1, 2002, to the present, periodically submitted bills for medical services to the Defendant for payment.

14. The Defendant has not paid the various bills for professional services. Instead, the Defendant "adjusts", "denies", or "discounts" the medical bills Plaintiff submitted for complete payment.

15. Upon information and belief, Defendant Liberty Mutual uses payment procedures to deny complete payment, which is based upon the foreign law where the workers' compensation claims arise.

16. Plaintiff is not subject to foreign law regulating the practice of medicine exclusively performed in the State of Georgia.

17. All medical services provided to Liberty Mutual's beneficiaries were accomplished in Richmond County, Georgia.

18. In order to protect the privacy of those individuals who received medical treatment, a listing of their overdue and unpaid medical accounts will be furnished to the Defendant as Exhibit "A", upon request of Defendant.

19. In reliance upon Defendant's agreement that it was responsible for the payment of medical expenses for the burn patients, Plaintiff fully performed its obligations to treat and care for them.

20. Plaintiff made demand for payment upon Liberty Mutual and it refuses to settle its insured's unpaid accounts by reimbursing the Plaintiff for its

JOHN J. CZURA
ATTORNEY AT LAW
3802 WHEELER ROAD
AUGUSTA, GA 30909
(706)-868-5254
FAX (706)-868-5443

professional fees, costs and expenses.

21. NOTICE is herewith given that under O.C.G.A. §7-4-16, Plaintiff demands payment of all accounts shown by the evidence and on Exhibit "A". These accounts are due and payable upon the dates these statements of accounts are submitted to this Defendant. Plaintiff also shows that these debts are liquidated; due and payable; and bears a percentage at a rate not to exceed one and one-half percent per month as calculated on the amounts owed from the dates upon which each account became due and payable.

22. Please take further notice that pursuant to O.C.G.A. §13-6-11, the Plaintiff seeks recovery of the expenses of litigation, including attorney's fees, for the Defendant has acted in bad faith, been stubbornly litigious, and/or caused the Plaintiff unnecessary trouble and expense.

## COUNT ONE

## BREACH OF CONTRACT

23. The factual and jurisdictional allegations of Paragraphs 1 - 22 are re-alleged and incorporated herein as if repeated verbatim.

24. Liberty Mutual has wrongfully refused to make payment for the medical services provided to its various insureds as demanded.

25. As a consequence of Defendant's breach of its agreement to pay for medical services of its insureds to the Plaintiff, it is thus liable to the Plaintiff for the full amount of all accounts due, all interest under O.C.G.A. §7-4-16, attorney's fees, and expenses of litigation under O.C.G.A. §13-6-11.

## COUNT TWO

## PROMISSORY ESTOPPEL

26. The factual and jurisdictional allegations of Paragraphs 1 through 25 are re-

JOHN J. CZURA
ATTORNEY AT LAW
3602 WHEELER ROAD
AUGUSTA, GA 30909
(706)-868-5254
FAX (706)-868-5443

alleged and incorporated herein as if repeated verbatim.

27. Pursuant to O.C.G.A. §13-3-44(a), the Plaintiff brings this action for recovery of its unpaid professional services, expenses and costs associated of the care with the care and treatment of Defendant's insureds.

28. Liberty Mutual made representations and promises to the Plaintiff during the admission of its insureds for medical care and treatment that it would pay for their services.

29. The Plaintiff relied upon Defendant's promises and took action accordingly; and or forbade taking action as the facts shall show.

30. Plaintiff seeks reimbursement of the various unpaid accounts along with interest under O.C.G.A. §7-4-16; expenses of litigation, and attorney's fees as provided in O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff JOSEPH M. STILL BURN CENTERS, INC., demands judgment against the Defendant, Liberty Mutual Insurance Company for all sums owed to it on account of Defendant's breach of payments; interest as provided in §7-4-16; judgment against the Defendant for Plaintiff's attorney's fees and expenses, due to the Defendant's bad faith conduct and its stubbornly litigious conduct, causing unnecessary trouble and expense, as provided under O.C.G.A. §13-6-11, as provided; and for such further relief as this Honorable Court deems just and proper. Plaintiff demands a trial by jury.

JOHN J. CZURA
ATTORNEY AT LAW
3602 WHEELER ROAD
AUGUSTA, GA 30909
(706)-868-6254
FAX (706)-868-5443

This 5th day of June, 2008.

_____
JOHN J. CZURA, ESQ.
ATTORNEY FOR PLAINTIFF
3602 WHEELER ROAD
AUGUSTA, GEORGIA 30909
(706) 868-5254
(706) 868-5334 (facsimile)
GEORGIA BAR NO. 202950
e-mail: czuraj@bellsouth.net

_____
WILLIAM P. WALKER, JR., Esq.
(Pending *Pro Hac Vice* Admission)
Post Office Box 949
Lexington, SC 29072
(803) 359-6194
(803) 753-9876 (facsimile)
e-mail: bw@walkermorgan.com

JOHN J. CZURA
ATTORNEY AT LAW
3602 WHEELER ROAD
AUGUSTA, GA 30909
(706)-868-5254
FAX (706)-868-5443

Case No. 2008RCCV1044
Date Filed 6/5/08

Juvenile Court ☐
State Court ☐
Superior Court ☒
Georgia, Richmond County

JOSEPH M. STILL BURN CENTERS, INC.
F/K/A PHYSICIANS' MULTISPECIALTY
GROUP

Plaintiff

VS.

LIBERTY MUTUAL INSURANCE COMPANY

Defendant

Attorney's Address

JOHN J. CZURA, ESQ.
JOHN J. CZURA, P.C.
3602 WHEELER ROAD
AUGUSTA, GA 30909

Name and Address of Party to be Served

CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH, STE 300
NORCROSS, GA 30092

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hand of _____ described as follows age, about ____ years; weight, about ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒
Served the defendant LIBERTY MUTUAL INSURANCE COMPANY a corporation by leaving a copy of the within action and summons with LISHA STUCKEY in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 10 day of JUNE 2008.

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing Notice of Removal upon counsel as follows:

Mr. John J. Czura
Attorney for Plaintiff
3602 Wheeler Road
Augusta, Georgia 30909

Mr. William P. Walker, Jr.
Attorney for Plaintiff
Post Office Box 949
Lexington, South Carolina 29072

by depositing same in the United States mail, properly addressed, and with adequate postage affixed.

This 7th day of July, 2008.

Debra A. Birdseye
Assistant to Neal W. Dickert